UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES FOR THE MICHIGAN
CARPENTERS' COUNCIL PENSION
FUND, et al,

       Plaintiffs,                                 Case No. 4:02-cv-44

v.                                                    Hon. Gordon J. Quist

BRANDT CONSTRUCTION COMPANY,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

Pending before the court is the plaintiffs' motion to hold defendant Brandt Construction Company (Brandt Construction) and its president, Al Brandt (Brandt), in contempt for failing to comply with the court's Stipulated Order of February 13, 2008 (docket no. 65).

This is the latest in a number of proceedings resulting from Brandt Construction's failure to honor a Default Judgment entered against it on May 6, 2002. On February 6, 2008, plaintiffs filed an emergency motion seeking to have the court find Brandt Construction and its president in contempt for failing to comply with the court's May 6, 2002 Default Judgment. Plaintiffs alleged that defendants failed to accurately report work and to pay amounts due as ordered by the court, thereby causing, among other things, some of Brandt Construction's employees to lose health care coverage which in turn created an emergency situation for these employees and their families. The court referred the matter to the undersigned.

The court immediately set a hearing on the emergency motion for February 15, 2008. However, on February 13, 2008, prior to the hearing, the parties entered into a Stipulated Order resolving the issue. The order provided that not later than 5:00 p.m. the following day, February 14, 2008, defendants were to pay plaintiffs the sum of $20,000 to be applied to outstanding contributions. If additional amounts were found to be due for contributions, defendants agreed to pay such amounts upon notice within five days. The order further provided that Brandt Construction and Brandt were each jointly and severally liable to pay in a timely manner all fringe benefit contributions due for work performed by Brandt Construction employees. In fact, the Stipiulated Order provided that this provision was specifically included "in order to provide the basis for future motions for contempt or other sanctions based on allegations that [Brandt Construction] or Al Brandt failed to pay all contributions that are due in a timely manner." The order further provided that Brandt Construction and Brandt explicitly agreed to the inclusion of this provision because they had promised to remit all future contributions in a timely manner, and Brandt acknowledged that he was responsible to pay the contributions because he was the sole officer of Brandt Construction and was a fiduciary over plan assets consisting of contributions which had accrued but had not been paid to the plans for which plaintiffs are trustees. Defendants were also obligated by the same deadline to provide copies of certain Brandt Construction payroll records.

Unfortunately, defendants paid only $10,000 of the required $20,000 by the agreed-upon date in the Stipulated Order; failed to pay additional contributions owed, *see* Affidavit of Janice E. Edwards, Payroll Auditor, dated April 30, 2008; and have not provided the records which they agreed to provide.

On March 21, 2008, plaintiffs were forced to file yet another motion for contempt directed at the defendant corporation and its president. A show cause hearing was scheduled for April 28, 2008. On April 17, 2008, Al Brandt sent a letter to the court acknowledging that he had entered into the Stipulated Order of February 13, 2008. The letter purported to enclose "a copy of a check which I will be sending out by the end of the week to the Plaintiff per the order."

No such copy of a check has been received by the court, and no check has been received by the plaintiffs.

Defendants failed to appear for the show cause hearing scheduled for April 28, 2008.

This appears to be at least the sixth time the plaintiffs have had to seek post-judgment relief to enforce their Judgment. I find by clear and convincing evidence that defendants have not complied with the May 6, 2002 Default Judgment of the court, nor the February 13, 2008 Stipulated Order entered by the court, and the obligations placed upon them therein, which orders are and have been in effect at all relevant times since being entered, and I further find defendants have made no legitimate effort to comply. I also find defendants have had notice and an opportunity to be heard by virtue of the hearing being previously noticed and held on April 28, 2008.

Accordingly, I respectfully recommend the court enter an order:

1) Adjudging the defendant Brandt Construction, and its president, Al Brandt, in civil contempt of court;

2) Directing that a warrant for defendant Al Brandt's arrest be issued 15 days after the date of the order adjudging Brandt Construction and Al Brandt in contempt if Al Brandt has not by that date purged himself of contempt by (a) producing to plaintiffs all documents provided for in the February 13, 2008 Stipulated Order, (b) paying the $10,000 previously due

February 14, 2008, and (c) making all further contributions subsequently due and owing, as evidenced by an affidavit of plaintiffs which shall be provided immediately upon satisfaction of these conditions, and that in the event of an arrest he remain incarcerated until he has purged himself of contempt by complying with the provisions set forth above and;

   3) Awarding plaintiffs a fine against both Brandt Construction Company and Al Brandt for each day in which defendants are in non-compliance with their obligations to remit contributions to the funds for which the plaintiffs are trustees.

   4) Awarding plaintiffs their attorneys fees and costs to date as a result of defendant's failure to comply with the Judgment entered by this court on May 6, 2002 and by failing to comply with the Stipulated Order entered February 13, 2008. The court's Judgment provides that plaintiffs are entitled to an award of attorneys fees in enforcing the Judgment. This provision is consistent with the attorney fees provisions of ERISA. 29 U.S.S. § 1132(g)(2)(D). In the event the parties are unable to agree on the amount of attorneys fees and costs, plaintiffs should be permitted to submit, within 15 days of the order of finding defendants in contempt, an affidavit with any necessary supporting documents setting forth the amount plaintiffs believe appropriate. Defendants should have a similar time to respond in kind.

Dated:  May 2, 2008           /s/ Hugh W. Brenneman, Jr.
                  HUGH W. BRENNEMAN, JR.
                  United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).