UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES FOR THE MICHIGAN
CARPENTERS' COUNCIL PENSION
FUND, et al.,

        Plaintiffs,                              Case No. 4:02-CV-44

v.                                               HON. GORDON J. QUIST

BRANDT CONSTRUCTION COMPANY,

        Defendant.
                                          /

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Plaintiffs' motion to hold Defendant, Brandt Construction Company, and its president, Al Brandt (Brandt), in contempt for non-compliance with the Court's Stipulated Order of February 13, 2008. The Court referred the motion to a United States Magistrate Judge. The magistrate scheduled a show cause hearing for April 28, 2008. Neither Defendant nor Brandt appeared at the hearing. The magistrate issued a Report and Recommendation suggesting that the Court grant Plaintiffs' motion to hold Defendant and Brandt in contempt. The Report and Recommendation was duly served on the parties on May 2, 2008. No objections have been filed pursuant to 28 U.S.C. § 636(b)(1)(c).

A Default Judgment was entered against Defendant on May 6, 2002. This is the sixth time Plaintiffs have had to seek post-judgment relief to enforce the Judgment. The last time was a motion for contempt filed by Plaintiffs on February 6, 2008. Plaintiffs alleged that Brandt failed to comply with the Default Judgment by not accurately reporting work and by not paying amounts due, which

in turn caused some employees of Brandt Construction to lose health care coverage.  Prior to the hearing on that motion, the parties entered into a Stipulated Order providing that Defendant and Brandt were to pay Plaintiffs $20,000 by 5:00 p.m. on February 14, 2008.  If additional amounts were due for contributions, Defendant and Brandt agreed to pay those amounts within five days.  The parties also stipulated that Defendant and Brandt were to provide all necessary payroll records.  The Order stated that Defendant and Brandt were jointly and severally liable for the obligations contained therein.

In the current motion for contempt, Plaintiffs allege that Defendant and Brandt paid only $10,000 of the amount owed.  Furthermore, Plaintiffs state that only a portion of the payroll records were provided.  The only response to this motion received by the Court was a letter written by Brandt acknowledging the Stipulated Order, but stating, "I sincerely believed that I would have collected more on my accounts receivable or that I would have been provided with a retainer on new work to fulfill my obligations under the order."  The letter purported to enclose a copy of a check that he would be sending to Plaintiffs by the end of the week.  No such copy of a check was received by the Court, and no check has been received by Plaintiffs.

In his report and recommendation, the magistrate finds by clear and convincing evidence that Defendant and Brandt have not complied with the May 6, 2002, Default Judgment or the Stipulated Order of February 13, 2008.  The magistrate further finds that Defendant and Brandt have made no legitimate effort to comply.  He also finds that Defendant and Brandt had notice and an opportunity to be heard by virtue of the April 28, 2008, hearing.  The magistrate recommends that the Court enter an order adjudging Defendant and Brandt in contempt, directing a warrant for Brandt's arrest be issued after 15 days of the contempt order should Brandt not purge himself of contempt, awarding Plaintiffs a fine against both Defendant and Brandt for each day in which they are in non-

compliance, and awarding Plaintiffs their attorneys fees and costs to date as a result of Defendant's and Brandt's failure to comply with the Court's prior orders.

The Court agrees with the magistrate that Plaintiffs have demonstrated by clear and convincing evidence that Defendant and Brandt have failed to comply with the Court's orders. *See Elec. Workers Pension Trust Fund v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 382 (6th Cir. 2003). Furthermore, Defendant and Brandt have not satisfied their burden to "show categorically and in detail why he or she is unable to comply with the court's order." *Id.* Thus, the Court will adjudge Defendant and Brandt in contempt and direct that a warrant be issued for Brandt's arrest within 15 days should he not purge himself of contempt by producing all the necessary documents, paying the $10,000 previously due, and making all further contributions subsequently due and owing. Although Brandt was not a defendant in the underlying litigation, he entered into the Stipulated Order of February 13, 2008. The Order made Defendant and Brandt jointly and severally liable for the obligations contained therein. Even in the absence of the Stipulated Order, this Court has the authority to hold Brandt in contempt as president of Defendant since he "prevented compliance or failed to take appropriate action within his power for the performance of a corporate duty." *Id.*

Additionally, the Court will award Plaintiffs a fine of $100 for each day in which Defendant and/or Brandt have not complied with their obligations to remit contributions. Finally, the Court will award Plaintiffs their attorneys fees and costs to date as a result of Defendant and Brandt's failure to comply with the Default Judgment and the Stipulated Order. This is consistent with the Court's Default Judgment and the attorneys fees provisions of ERISA. 29 U.S.C. § 1132(g)(2)(D).

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (docket no. 74) is **APPROVED AND ADOPTED** and Plaintiffs' Motion for Contempt (docket no. 65) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant Brandt Construction Company and its president, Al Brandt, are **adjudged in civil contempt of court**.

**IT IS FURTHER ORDERED** that a **warrant for Al Brandt's arrest be issued fifteen (15) days after the date of this Order** if Al Brandt has not purged himself of contempt by (a) producing to Plaintiffs all documents provided for in the February 13, 2008, Stipulated Order, (b) paying the $10,000 previously due; and (c) making all further contributions subsequently due and owing. Compliance shall be evidenced by an affidavit of Plaintiffs that shall be provided immediately upon satisfaction of these conditions.  In the event of an arrest, Al Brandt shall remain incarcerated until he has purged himself of contempt by complying with the provisions set forth above.

**IT IS FURTHER ORDERED** that Plaintiffs shall be awarded a fine of $100 against defendant Brandt Construction Company and Al Brandt for each day in which they are in non-compliance with their obligations to remit contributions to the funds for which Plaintiffs are trustees.

**IT IS FURTHER ORDERED** that Plaintiffs shall be awarded their attorneys fees and costs to date as a result of Brandt Construction Company's and Al Brandt's failure to comply with the Judgment entered by this Court on May 6, 2002, and the Stipulated Order entered February 13, 2008.  In the event the parties are unable to agree on the amount of attorneys fees and costs, Plaintiffs may submit within fifteen (15) days of this Order an affidavit along with any necessary supporting documents to support the amount requested.  Defendant shall have fifteen (15) days to respond.

Dated:  May 30, 2008                                                           /s/ Gordon J. Quist
                                                                                   GORDON J. QUIST
                                                 UNITED STATES DISTRICT JUDGE